UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:23-cr-00073-LEW |
| | ) | |
| KEVIN LEE ROSS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON GOVERNMENT'S MOTION IN LIMINE

In July 2023, Defendant Kevin Lee Ross was indicted for the possession of child pornography. In advance of next week's trial, the Government has filed a Motion in Limine (ECF No. 62) for a ruling permitting the Government to introduce evidence about Ross's 2014 conviction for the possession of child pornography as well as the resulting prison sentence and the terms of his supervised release. Ross objects to the Government's request to admit his prior conviction, arguing that it is both irrelevant and unfairly prejudicial. For the reasons below, the Motion in Limine is GRANTED.

### BACKGROUND

In October 2014, Ross was convicted for the possession of child pornography following a jury trial in this Court. The Court sentenced Ross to 90 months' imprisonment to be followed by five years of supervised release. Ross's terms of supervised release prohibited him from possessing unapproved or unmonitored internet devices.

On March 31, 2023, Scott Ross, one of the Defendant's brothers, called the United States Probation and Pretrial Services Office and reported that the Defendant possessed a cellphone and used it to view pornography.  The following week, three members of the Probation Office conducted an unannounced home inspection to determine whether the Defendant was violating the terms of his supervised release.  The probation officers searched the Defendant's bedroom and found a plastic trash bag on the floor next to the closet.  The trash bag contained a cellphone.  Two of the probation officers turned the cellphone on and saw that the screensaver was a pornographic image of a child.  The probation officers also found a plastic trash bag inside of the Defendant's closet that contained drug paraphernalia.  The Defendant admitted that the drug paraphernalia was his, but he denied knowing about or possessing the cellphone.

The probation officers also searched a 2006 Toyota Corolla that was registered in Scott Ross's name and was used by the Defendant following his release from prison in 2021.  Underneath the spare tire, one officer found a plastic trash bag that contained a computer bag.  Inside of the computer bag, the officer found an Acer laptop and a Toshiba external hard drive.  When confronted about these items, the Defendant stated that they did not belong to him.  Mike Ross, another of the Defendant's brothers, lived with the Defendant, and he disclaimed owning the cellphone and the laptop.  Scott Ross also denied owning the laptop, and he did not know if the Defendant owned a laptop.

Law enforcement performed a forensic search of the devices.  The cellphone contained over 500 images and videos of child pornography, with modification dates between April 25, 2022, to March 26, 2023.  Numerous artifacts on the cellphone

referenced the name Kevin Ross. The laptop contained 49 images and 138 videos of child pornography. There was a noticeable break in activity on the laptop between October 2014 and April 2021, which coincides with when the Defendant was incarcerated. Many of the files had creation dates in 2014, and the files were accessed and viewed between April 9, 2021 (the day after the Defendant was released from prison) and March 5, 2023. The external hard drive had 643 images and 118 videos of child pornography with creation dates of May 15, 2013, through October 10, 2014.

## DISCUSSION

The Government seeks a ruling permitting the introduction of evidence related to (1) Ross's 2014 conviction for the possession of child pornography; (2) the resulting prison sentence; and (3) the resulting terms of supervised release. Ross objects, arguing that his prior conviction is irrelevant and that admitting it would be unfairly prejudicial. Ross does not object to the Government introducing evidence about his prison sentence and terms of supervised release so long as the Government does not introduce evidence about the specifics of his prior conviction.

"Evidence is admissible only if [it is] relevant, probative, and not unfairly prejudicial." *United States v. Jones*, 748 F.3d 64, 69 (1st Cir. 2014) (citing Fed. R. Evid. 401, 402, 403). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevancy is not assessed in a vacuum—it is gauged 'in light of the underlying substantive law.'" *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 76 (1st Cir. 2010) (quoting *Roy v. Austin Co.*, 194 F.3d 840, 843 (7th Cir.

3

1999)).  This "definition of relevance is quite expansive" since evidence "need not definitively resolve a key issue in the case." *Id.*  Rather, evidence "need only move the inquiry forward to some degree." *Id.*

"Ordinarily, the Federal Rules of Evidence prohibit a party from using a person's prior acts 'to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.'" *United States v. Joubert*, 980 F. Supp. 2d 47, 49 (D.N.H. 2013) (quoting Fed. R. Evid. 404(b)(1)).  Thus, "evidence that is extrinsic to the crime charged" generally cannot be introduced "for the purpose of showing villainous propensity." *United States v. Roszkowski*, 700 F.3d 50, 56 (1st Cir. 2012).

Federal Rule of Evidence 414 is an exception to this general rule.  Rule 414 provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation.  The evidence may be considered on any matter to which it is relevant."[1] Fed. R. Evid. 414(a); *Jones*, 748 F.3d at 69 (explaining that Rule 414(a) "overrides the ban on propensity inferences").  Thus, "Rule 414(a) explicitly permits the jury to infer from a defendant's prior acts of molestation that he was more likely to have committed the act of molestation of which he stands accused." *Joubert*, 980 F. Supp. 2d at 50.  Evidence that is admissible under Rule 414(a) is "still restricted by" Rule 403, *United States v. Sweeney*, 887 F.3d 529, 538 (1st Cir. 2018), which allows the "court [to] exclude relevant evidence if its probative

---

[1] Under Rule 414, a "child" "means a person below the age of 14," and "child molestation" includes "any conduct prohibited by 18 U.S.C. chapter 110," which includes Ross's 2014 conviction under 18 U.S.C. § 2252A.  *See* Fed. R. Evid. 414(d).

4

value is substantially outweighed by a danger of," among other things, "unfair prejudice." Fed. R. Evid. 403. Evidence is unfairly prejudicial if it has "'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *Sweeney*, 887 F.3d at 538 (quoting *Jones*, 748 F.3d at 70); *see also United States v. Rodriguez-Estrada*, 877 F.2d 153, 156 (1st Cir. 1989) ("By design, all evidence is meant to be prejudicial [to the opposing party]; it is only unfair prejudice which must be avoided.").

**A.     The Prior Conviction**

The Government contends that Ross's 2014 conviction for the possession of child pornography is admissible under Rule 414.[2] Ross objects, arguing that the past conviction is not relevant to the pending case and that, even if it is relevant, the prior conviction's probative value is substantially outweighed by its prejudicial effect.

Starting with relevancy, to convict Ross for possessing child pornography, the Government must prove beyond a reasonable doubt that Ross "knowingly possesse[d], or knowingly accesse[d] with intent to view" "material" "contain[ing] an image of child pornography" that moved through interstate commerce.[3] *See* 18 U.S.C § 2252A(a)(5)(B).

---

[2] The Government alternatively argues that Ross's prior conviction is admissible under Rule 404(b), which permits introducing evidence of a defendant's prior bad acts when those acts have special relevance, such as proving the defendant's "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see also United States v. Landry*, 631 F.3d 597, 601–02 (1st Cir. 2011). My analysis above focuses on the admissibility of Ross's prior conviction through Rule 414. Alternatively, Ross's prior conviction is admissible under Rule 404(b) because it suggests that Ross knowingly possessed or knowingly accessed child pornography with the intent to view it and admitting evidence about Ross's prior conviction would not be unfairly prejudicial.

[3] More specifically, the child pornography must have been "mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or

5

Ross's "prior conviction [is] relevant [to this case] because it tend[s] to prove" his "sexual interest in children," thereby suggesting that he—rather than one of his brothers or someone else—knowingly possessed or accessed materials containing child pornography with the intent to view those pornographic images. *See United States v. Thornhill*, 940 F.3d 1114, 1118 (9th Cir. 2019) (explaining the relevance of the defendant's prior conviction for sexually abusing a minor in the context of his subsequent prosecution for knowingly receiving child pornography); *see also Jones*, 748 F.3d at 70 (explaining that Rule 414 permits "propensity inferences"). Accordingly, because Ross's prior conviction is relevant, it is admissible under Rule 414, though I must consider whether it should be excluded under Rule 403.

Ross presents a two-part argument for excluding his prior conviction under Rule 403. First, he characterizes the prior conviction as having minimal probative value, highlighting that the conviction is a decade old. Second, Ross argues that admitting the prior conviction would be unfairly prejudicial because he would be "denied a fair trial on the current charge because the jury will condemn him based on the prior conviction." Ross's Obj. (ECF No. 75) at 2–3.

Ross underestimates the prior conviction's probative value and overestimates its prejudicial effect. As explained above, Ross's prior conviction is particularly relevant to determining "whodunit" because the conviction suggests that Ross has a sexual interest in children and a propensity to collect and view child pornography. *See United States v.*

---

transported in or affecting interstate or foreign commerce by any means, including by computer." 18 U.S.C. § 2252A(a)(5)(B).

*Majeroni*, 784 F.3d 72, 76 (1st Cir. 2015) ("The fact that the prior conduct was similar to the charged conduct enhanced its presumed probativeness."). Ross's argument that his 2014 conviction is too remote to be probative is unpersuasive as the First Circuit has repeatedly rejected similar arguments when evaluating the admission of Rule 414 evidence under Rule 403. *See*, *e.g.*, *id.* ("Nor does the fact that the prior conduct occurred over ten years before the charged conduct compel a different result."); *United States v. Joubert*, 778 F.3d 247, 254–55 (1st Cir. 2015) (finding no abuse of discretion in admitting evidence of similar child molestation acts that allegedly occurred eighteen to twenty years prior to the charged conduct).

While admitting Ross's prior conviction would certainly be prejudicial, it would not be *unfairly* prejudicial.[4] *See United States v. Morales-Aldahondo*, 524 F.3d 115, 119 (1st Cir. 2008) (explaining that "by design, all evidence is meant to be prejudicial" (quoting *United States v. Varoudakis*, 233 F.3d 113, 122 (1st Cir. 2000))). The First Circuit has cautioned that because "Rule 414 removes Rule 404(b)'s blanket ban on propensity inferences in child-molestation cases," such inferences are generally not unfairly prejudicial. *See Jones*, 748 F.3d at 70; *see also id.* at 71 ("And because Rule 414 flags this propensity inference as proper, we cannot brand the inference as *unfairly* prejudicial under Rule 403."). As for Ross's argument that admitting his prior conviction would deny him a fair trial because the jury would convict him based on his prior conviction, I will provide

---

[4] Accordingly, I reject Ross's suggestion that the Government should present its case without discussing Ross's prior conviction. *See United States v. Ross*, 837 F.3d 85, 90 (1st Cir. 2016) ("Even where a party is willing to stipulate to a critical fact, 'a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the Government chooses to present it.'" (quoting *Old Chief v. United States*, 519 U.S. 172, 186–87 (1997))).

appropriate limiting instructions to the jurors about what they can and cannot infer based on Ross's prior conviction. *See id.* at 71 (describing how the district judge told jurors "that they could draw a propensity inference," "stressed that the government 'has the burden of proving that'" the defendant "'committed each of the elements of the offense' involved in the current 'indictment,'" and "reminded them that" the defendant "was 'not on trial for any act, conduct, or offense that was not charged in the indictment'").

In sum, the Government may present evidence concerning Ross's prior conviction. I now turn to the Government's requests concerning introducing evidence about the resulting prison sentence and terms of supervised release, which Ross does not object to.

**B.     The Prison Sentence**

The Government intends to present evidence demonstrating that Ross was in federal custody from October 21, 2014, until April 8, 2021.

As the Government correctly observes, the dates of Ross's imprisonment are relevant because they imply that Ross, rather than someone else, "knowingly possesse[d], or knowingly accesse[d] with intent to view" "material[s]" containing images of child pornography. 18 U.S.C § 2252A(a)(5)(B). The laptop, for example, had files with creation dates before Ross was incarcerated in October 2014, and many of these files were accessed and viewed between April 9, 2021—the day after Ross was released from custody—and March 5, 2023. Similarly, the external hard drive had images and videos with creation dates of May 15, 2013, through October 10, 2014, which is shortly before Ross was taken into custody. Thus, Ross's prior prison sentence is relevant circumstantial evidence that

suggests he might have knowingly possessed or accessed the child pornography involved in this case.

### C. The Term of Supervised Release

Lastly, the Government seeks to present evidence that Ross was on federal supervised release when the probation officers searched his residence. The Government argues that "the search of the defendant's home" and "the call from the defendant's brother" to the Probation Office would not "make sense without the jury being informed that the defendant was on supervised release conditions as a result of his federal conviction." Mot. at 8.

The fact that Ross was on supervised release at the time his brother called the Probation Office and the officers searched Ross's residence, is relevant "background evidence" that "provides significant explanatory information without which the jury would be left with critical unanswered questions" concerning the probation officers' investigation into Ross. *See United States v. Wolfe*, 430 F. Supp. 3d 243, 248 (W.D. Ky. 2020). Additionally, Ross's terms of supervised release are relevant circumstantial evidence bearing on who possessed the cellphone and laptop. The jury could infer that because Ross was not allowed to possess unapproved or unmonitored devices capable of connecting to the internet, he—as opposed to someone else—stored the devices in unusual places. It is bizarre, after all, to keep a laptop and external hard drive underneath a vehicle's trunk, tucked next to a spare tire.

## CONCLUSION

For the foregoing reasons, the Government's Motion in Limine (ECF No. 62) is **GRANTED**.

SO ORDERED.

Dated this 4th day of June, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge