UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KEVIN LEE ROSS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | 1:23-cr-00073-LEW<br>1:25-cv-00220-LEW |

### RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 142.)

Pursuant to Rule 4 of the Rules Governing Section 2255 Cases, upon the filing of a motion, the Court must conduct a preliminary review of the motion. Upon review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review in accordance with Rule 4, I recommend the Court dismiss the matter.

#### DISCUSSION

Following a jury trial, Petitioner was found guilty of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252A(b)(2); the Court sentenced Petitioner to one hundred twenty-one months in prison. (Amended Judgment, ECF No. 119.) Petitioner filed an appeal; the matter remains pending before the First Circuit. (Notice of Appeal, ECF No. 110.)

"[I]n the absence of extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending . . . ." *United States v. Gordon*, 634 F.2d 638, 638 (1st Cir. 1980) (internal quotation marks omitted). When faced with an unresolved appeal and a premature § 2255 motion, the proper procedure in the First Circuit is to dismiss the motion without prejudice. *United States v. Weekes*, 611 F.3d 68, 72 (1st Cir. 2010). Because Petitioner has not alleged any exceptional circumstances that would necessitate a departure from the usual procedure in this case, dismissal without prejudice is appropriate.[1]

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court dismiss without prejudice Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district

---

[1] Petitioner is advised that should he wish to refile his motion or file a new § 2255 motion after the conclusion of the direct appeal, there are statutory provisions applicable to such postconviction motions, including a statute of limitations. *See* 28 U.S.C. § 2255(f).

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

    Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

                                     /s/ John C. Nivison
                                     U.S. Magistrate Judge

Dated this 23rd day of June, 2025.